UNITED STATES of America

v.

Gregory L. WOODS.

No. CR-96-009-S.

United States District Court,
M.D. Alabama,
Southern Division.

Feb. 28, 1996.

Randolph Neeley, Asst. U.S. Attorney, Montgomery, AL, for plaintiff.

John W. Focke, Federal Defenders' Office, Montgomery, AL, for defendant.

### ORDER

ALBRITTON, District Judge.

This case is before the court on Defendant's Motion to Dismiss Indictment on the Grounds of Double Jeopardy, filed on February 13, 1996. The court finds that the motion is due to be denied.

The Defendant is charged in the indictment in this case with robbery occurring on or about January 9, 1996. At the time of the robbery, the Defendant Woods was serving a term of probation following a plea of guilty to a charge of theft of Government property. One of the conditions of probation was that the Defendant "shall not commit another federal, state, or local crime." Following the robbery in question, the Defendant was brought before the federal magistrate judge on a petition for revocation of his probation. He admitted to the robbery, his probation was revoked, and he was sentenced to serve six months in prison for the violation of probation. The Defendant now contends that because of the sentence imposed for his probation violation, double jeopardy bars his being further prosecuted on the charge of robbery.

Both the Defendant and the Government cite the case of *United States v. Dixon,* 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). In that case, the Supreme Court held that double jeopardy barred a defendant from being tried in a subsequent criminal trial for the same conduct that resulted in the district court earlier instituting criminal contempt proceedings against the defendant, finding the defendant guilty, and revoking the defendant's pretrial release. In *Dixon,* however, the defendant was not serving a sentence imposed for any crime; he was an unconvicted, presumably innocent, person awaiting trial who had been forbidden as a condition of release from committing "any crime or offense." The Supreme Court noted that criminal contempt is "a crime in the ordinary sense," for which defendants are afforded most, if not all, of the rights afforded any criminal defendant in a criminal proceeding, and that Dixon was found guilty and punished in that criminal proceeding for the same act for which the Government then sought to try him again. This is not the case in regard to violation of probation.

Gregory L. Woods had already been convicted of a crime and was serving a sentence of probation. When that sentence of probation was revoked because of the robbery, he

was then punished for a violation of the terms of his probation, not for the robbery itself. The court holds that this does not bar the Defendant from now being prosecuted and, if convicted, sentenced for the commission of the robbery. To hold otherwise would be to say that a person on probation would have a license to commit serious offenses with impunity, being allowed either to continue on probation regardless of the commission of the offense or, as Defendant seeks to do here, freely admit to the new offense, receive a very modest sentence, and escape all threat of subjecting himself to much harsher penalties which are provided for the new crime. This court is confident that the Supreme Court intended no such results and that *Dixon* is distinguishable as set out above. Therefore, it is hereby

ORDERED that the Motion to Dismiss is DENIED.